```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

RHONDA K. BURGESS,            )
                              )
            Plaintiff,        )
                              )
v.                            )         Case No. CIV-16-105-KEW
                              )
NANCY A. BERRYHILL, Acting    )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

## OPINION AND ORDER

Plaintiff Rhonda K. Burgess (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED to Defendant for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 21, 1957 and was 56 years old at the time of the ALJ's decision. Claimant completed her high school and college education. Claimant has worked in the past as an advertising sales representative, customer service representative, recruiter, and administrative clerk. Claimant alleges an inability to work beginning July 15, 2011 due to limitations resulting from

injuries to her neck, back, hip, knee, ankle, shoulders, arms, and hand.

**Procedural History**

On December 5, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On July 15, 2014, an administrative hearing was held before Administrative Law Judge ("ALJ") Edmund C. Werre in Tulsa, Oklahoma. By decision dated October 14, 2014, the ALJ denied Claimant's request for benefits. The Appeals Council denied review of the ALJ's decision on February 9, 2016. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work. He also found Claimant could perform light work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to find Claimant's impairments met or equaled a listing; (2) failing to perform a proper determination at steps four and five; and (3) performing an improper credibility analysis.

**Consideration of a Listing**

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease of the cervical spine status post remote cervical fusion, osteoarthritis, fibromyalgia, and status post left hip replacement. (Tr. 15). The ALJ determined Claimant retained the RFC to perform her past relevant work as an advertising sales representative, customer service representative, recruiter, and administrative clerk (Tr. 18).

The ALJ also determined Claimant could perform light work except that she could only occasionally lift up to 20 pounds and frequently lift/carry up to 10 pounds, standing/walking for six hours out of an eight hour workday, and sitting for six hours out of an eight hour workday. (Tr. 16). After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of motel clerk, general sales clerk, and appointment clerk, all of which the ALJ determined existed in sufficient numbers in both the regional and national economies.

(Tr. 19-20). As a result, the ALJ determined Claimant was not under a disability from July 15, 2011 through the date of the decision. (Tr. 20).

Claimant contends the ALJ should have determined that she met or equaled Listing 1.04 regarding disorders of the spine. At step three, Claimant bears the burden of demonstrating that her condition meets or equals all of the specified criteria of the particular listing. Sullivan v. Zebley, 493 U.S. 521, 530 (1990). Claimant specifically asserts she meets the requirements for Listing 1.04, which provides in pertinent part:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebra fracture), resulting in compromise of a nerve root (including cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)
>
> * * *

The ALJ found Claimant failed to meet Listing 1.04 without explanation. His finding represents a "bare conclusion" which is "beyond meaningful judicial review." Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996). The ALJ might have been "lulled" into

6

believing the listing was not an issue in the case because counsel stated at the hearing that he was not arguing that any impairment met or equaled a listing. Nevertheless, a social security disability hearing is nonadversarial and an ALJ is charged with "looking fully into the issues." Dixon v. Heckler, 811 F.2d 506, 510 (10th Cir. 1987); 20 C.F.R. § 404.944.

Claimant has identified evidence in the record which would suggest spinal stenosis (Tr. 319, 366), nerve root compression (Tr. 162), decreased range of motion (Tr. 161, 532, 534), motor loss (Tr. 523), sensory loss (Tr. 161), and positive straight leg raising testing (Tr. 162, 286, 331, 371). On the surface, Claimant has met the evidentiary burden of meeting or equaling Listing 1.04A but the ALJ's explanation for rejection of this argument lacks sufficient detail to review his decision in this regard. On remand, the ALJ shall provide an explanation for finding Claimant did not meet or equal Listing 1.04A.

### Step Four and Five Evaluation

Claimant contends the hypothetical questioning of the vocational expert failed to include problems with her arms, hands, and wrists which are contained in the record. (Tr. 232, 237, 491-94, 530, 577, 594, 601). The ALJ found Claimant's osteoarthritis constituted a severe impairment. (Tr. 15). Claimant's past

7

relevant work required reaching, handling, and fingering. *Dictionary of Occupational Titles, #254.354-014, #239.362-014, #166.267-038, #169.167-134.*

A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. <u>Gay v. Sullivan</u>, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ is required to accept and include in the hypothetical question only those limitations supported by the record. <u>Shepherd v. Apfel</u>, 184 F.3d 1196, 1203 (10th Cir. 1999). However, "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'" <u>Hargis v. Sullivan</u>, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting <u>Ekeland v. Bowen</u>, 899 F.2d 719, 724 (8th Cir. 1990). On remand, the ALJ shall address whether further restrictions should be included in the RFC for Claimant's limitations in her hands, wrists, and arms and include any such restrictions in the assessment. He shall also evaluate at step four whether Claimant's past relevant work required reaching and manipulation which is beyond Claimant's RFC. The ALJ shall also insure that Claimant's impairments and functional limitations are included in the hypothetical questioning.

**Credibility Determination**

The ALJ determined that "Claimant's subjective allegations far outweighed the objective medical evidence." (Tr. 18). Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims – what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). Given the fact this case is being remanded on other grounds, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED to Defendant for further proceedings.**

IT IS SO ORDERED this 31st day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE